IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WAYNE NICKERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:20-cv-311 |
| v. | |
| CHIEF RAYMOND SHORES; CAPTAIN RAYMOND FOWLER; and CHRIS LOWELL, | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants' Motion to Dismiss.[1] Docs. 5, 9. For the following reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.[2] I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

---

[1] On January 21, 2021, Plaintiff filed a "Notice" with the Court. Doc. 10. The Notice appears to be a Response to Defendants' Motion to Dismiss. Thus, the Court **DIRECTS** the Clerk of Court to re-docket it as such.

[2] Presently pending is Plaintiff's appeal to the Eleventh Circuit Court of Appeals regarding the Court's Order granting Defendants' motion to stay. Docs. 12, 13. Although filing a notice of appeal generally deprives a district court of jurisdiction over the issues involved in an appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (citing United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)). Thus, Plaintiff's appeal on the Court's stay Order does not divest the Court of jurisdiction to proceed.

**BACKGROUND**

Plaintiff, proceeding pro se, filed a Complaint alleging Defendants violated his rights following an altercation at the Richmond Hill Library.  Doc. 1.  Defendants filed their Motion to Dismiss on January 4, 2021, arguing the Court should dismiss for insufficient service, the Court lacks subject matter jurisdiction over the case, Plaintiff fails to state a claim, and Plaintiff's claims are likely barred by the applicable statute of limitations.  Doc. 5.  The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss within 14 days of the January 8, 2021 Order.  Doc. 9.  Plaintiff filed a Response, which consists of a recitation of the factual basis of his Complaint but fails to address the merits of Defendants' arguments.  Doc. 10.

**DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint on four grounds.  First, Defendants move to dismiss all claims for insufficient service of process.  Doc. 5 at 1.  Second, Defendants argue dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Id.  Third, Defendants claim the Court lacks subject matter jurisdiction.  Id.  Finally, Defendants contend Plaintiff's claims are likely barred by the applicable statute of limitations.  Id.

**I.  Insufficient Service of Process**

Defendants first move to dismiss Plaintiff's Complaint because Plaintiff purportedly served Defendants himself.  Doc. 5 at 1.  According to Defendants, because Plaintiff is a party to this action, he cannot properly serve Defendants himself; thus, dismissal of the action is required.

Under the Federal Rules of Civil Procedure, a party may not serve a summons and complaint.  Fed. R. Civ. P. 4(c)(2).  Rule 4(c)(2) provides in part that "a person who is 'not a party may serve a summons and complaint.'"  Fed. R. Civ. P. 4(c)(2).  The complaint is subject

2

to dismissal for this . . . defect in service.  Nasrallah v. Chick-fil-a Piedmont Rd., No 1:15-CV-02893, 2017 WL 729170, at *3 n.4 (N.D. Ga. Jan. 3, 2017).  Plaintiff's pro se status is not an excuse for failure to serve Defendants in accordance with the Federal Rules.  Anderson v. Osh Kosh B'Gosh, 255 F. App'x 345, 348 n.4 (11th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Here, Plaintiff attempted to perfect service upon Defendants by personally leaving copies at their dwellings or usual places of abode.  Doc. 5 at 1.  In fact, Plaintiff signed as the serving party for Defendants Fowler, Shores, and Lowell.  Doc. 3 at 11, 13–16.  Thus, there is no dispute Plaintiff improperly served Defendants.  In response to the argument Plaintiff failed to effect proper service, and upon finding of insufficient service, Plaintiff's obligation is to show good cause for his failure to serve Defendants.  See Fed. Civ. R. P. 4(m).  Plaintiff failed to meaningfully oppose the motion to dismiss for insufficient service of process, see Local R. 7.5 (S.D. Ga.), or otherwise show the existence of good cause for his failure to properly serve Defendants.  See Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).  Instead, Plaintiff argues he effected proper service and admits to serving Defendants himself.  Doc. 10 at 2–3.  For the reasons contained herein, he is incorrect.  Moreover, Plaintiff's time to effect service has passed.  See Rule 4(m).

Thus, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss and **DISMISS without prejudice** Plaintiff's Complaint for insufficient service of process.  Because I recommend Plaintiff's Complaint be dismissed for insufficient service of process, I decline to address Defendants' arguments the Court lacks subject matter jurisdiction over the case, Plaintiff fails to state a claim, and Plaintiff's claims are likely barred by the applicable statute of limitations.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Defendants' Motion to Dismiss and Plaintiff's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk of

Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of March, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA